# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| GEOSPAN CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>PICTOMETRY INTERNATIONAL CORPORATION,<br><br>    Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT AND INVALIDITY**

Plaintiff, GEOSPAN Corporation ("GEOSPAN"), alleges as follows:

**The Parties**

1. Plaintiff GEOSPAN is a corporation organized and existing under the laws of Minnesota and has a principal place of business at 10900 73rd Avenue North, Suite 136; Minneapolis, Minnesota 55369.

2. Upon information and belief, Defendant Pictometry International Corporation ("Pictometry") is a corporation organized and existing under the laws of Delaware having a principal place of business at 100 Town Centre Drive, Suite A; Rochester, New York 14623-4260.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action involves a claim arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b) because Pictometry has and/or is regularly conducting business in this judicial district, has committed acts of infringement in this district, and has caused injury in this district.

## Count One
## Infringement of U.S. Patent No. 5,633,946

5. On May 27, 1997, the United States Patent and Trademark Office issued U.S. Patent No. 5,633,946 ("the '946 Patent"), entitled "Method and Apparatus for Collecting and Processing Visual and Spatial Position Information From a Moving Platform." A true and correct copy of the '946 Patent is attached to the Complaint as **Exhibit A**.

6. The inventors listed on the '946 Patent are: Theodore M. Lachinski, Louis S. Ptacek, Paul M. Blais, Stephen Boggs, John W. Longfellow, and Jeffrey M. Setterholm.

7. GEOSPAN is the owner of the '946 Patent, and it owns the right to obtain damages for past infringement of the '946 Patent.

8. Pictometry has infringed and is continuing to infringe one or more method claims of the '946 Patent by performing, using, selling, and/or offering to sell services that involve the collection of visual and spatial position information from a moving platform, which are covered by the claims of the '946 Patent.

9. Unless enjoined by this Court, Pictometry will continue to infringe the '946 Patent, and GEOSPAN will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, GEOSPAN is entitled to injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

10. As a result of Pictometry's infringement of the '946 Patent, GEOSPAN has been and will continue to be injured in its business and property rights and is entitled to recover damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

**Count Two**
**Declaratory Judgment of Noninfringement of U.S. Patent No. 5,247,356**

11. Pictometry claims that it owns U.S. Patent No. 5,247,356 ("the '356 Patent"), entitled "Method and Apparatus for Mapping and Measuring Land."  A true and correct copy of the '356 Patent is attached to the Complaint as **Exhibit B**.

12. On January 29, 2008, Pictometry sent GEOSPAN a letter identifying the '356 Patent and stating that "from the information on your website, it seems that the GEOVISTA® oblique imagery products may incorporate the technology covered by this patent." The letter requested that GEOSPAN review the patent and let Pictometry know specifically how GEOSPAN's oblique imagery products and services differ from the patented technology. Pictometry enclosed with the letter a copy of an order issued by the United States District Court for the Western District of Oklahoma in 2006, in which claims of the '356 Patent were construed.  A true and correct copy of this correspondence is attached to the Complaint as **Exhibit C**.

13. The claim construction order attached to Pictometry's letter was issued during a prior case filed by Pictometry on August 15, 2005.  In that case, Pictometry accused two of GEOSPAN's competitors in the industry, Aerial Cartographics of America, Inc. and Ofek Aerial Photography International, Ltd., of infringing the '356 Patent.

14. On February 7, 2008, GEOSPAN sent a letter to Pictometry acknowledging receipt of Pictometry's letter and indicating that GEOSPAN would provide a detailed response. A true and correct copy of this correspondence is attached to the Complaint as **Exhibit D**.

15. On March 24, 2008, Pictometry sent GEOSPAN a letter demanding that GEOSPAN "provide the promised 'detailed response' on or before March 24, 2008." A true and correct copy of this correspondence is attached to the Complaint as **Exhibit E**.

16. GEOSPAN has not directly or indirectly infringed any valid claim of the '356 Patent.

17. However, based on (1) Pictometry's allegation that it believes GEOSPAN may be infringing the '356 Patent, (2) Pictometry's demand that GEOSPAN respond to its infringement allegation by March 24, 2008, and (3) Pictometry's previous attempt to enforce the '356 Patent against other members of the industry through litigation, GEOSPAN believes that there is a real, substantial, and imminent danger that Pictometry will sue GEOSPAN for infringement of the '356 Patent.

18. Accordingly, a valid and justiciable controversy has arisen and exists between GEOSPAN and Pictometry regarding alleged infringement of the '356 Patent. GEOSPAN desires a justiciable determination and declaration of the respective rights and duties of the parties. Such a determination is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

## Count Three
### Declaratory Judgment of Invalidity of U.S. Patent No. 5,247,356

19. GEOSPAN incorporates by reference the allegations of the preceding Paragraphs.

20. One or more claims of the '356 Patent are invalid, at least for failure to comply with the provisions of 35 U.S.C. §§ 102, 103, and/or 112.

21. Pictometry's infringement allegation demonstrates that it contends that the claims of the '356 Patent are valid.

22. Accordingly, a valid and justiciable controversy has arisen and exists between

GEOSPAN and Pictometry regarding the validity of one or more claims of the '356 Patent. GEOSPAN desires a justiciable determination and declaration of the respective rights and duties of the parties. Such a determination is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

## Request For Relief

GEOSPAN requests entry of judgment in its favor and against defendant Pictometry as follows:

a. Declaring that the '946 Patent is valid and enforceable, and that Pictometry has infringed one or more method claims of the '946 patent;

b. Preliminarily and/or permanently enjoining Pictometry and its officers, agents, servants, employees, attorneys, and all persons acting in concert or participating with it, from further infringing the '946 Patent, in accordance with 35 U.S.C. § 283;

c. Awarding GEOSPAN damages in an amount adequate to compensate GEOSPAN for Pictometry's infringement, in accordance with 35 U.S.C. § 284;

d. Declaring that GEOSPAN has not infringed, either directly or indirectly, any valid claim of the '356 Patent;

e. Declaring that one or more claims of the '356 Patent are invalid;

f. Enjoining Pictometry, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them from making any claims that GEOSPAN infringes the '356 Patent;

g. Enjoining Pictometry, its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of GEOSPAN to make, use, sell, or offer to sell the products and/or services which allegedly infringe the '356 Patent;

    h.    Awarding GEOSPAN its costs of suit;

    i.    Finding this suit exceptional under 35 U.S.C. § 285 and awarding GEOSPAN its reasonable attorneys' fees; and

    j.    Granting any such other and further relief as this Court may deem just and proper.

### Demand for Jury Trial

Plaintiff GEOSPAN demands a jury trial of all issues so triable.

Respectfully submitted,

March 20, 2008

By: s/ Chaz De La Garza
Chaz De La Garza (MN Bar # 0281396)
CHAZ DE LA GARZA & ASSOCIATES, LLC
80 S. Eighth St.
900 IDS Center
Minneapolis, MN 55403
Phone: 866.529.2354
Fax: 512.233.2645
E-mail: chaz@cdlglaw.com

COUNSEL FOR PLAINTIFF GEOSPAN CORPORATION

Of Counsel

Michael C. Barrett (TX Bar # 24006803)
Gilbert A. Greene (TX Bar # 24045976)
FULBRIGHT & JAWORSKI L.L.P.
600 Congress Avenue, Suite 2400
Austin, TX 78701
Phone: 512.474.5201
Fax: 512.536.4598
E-mail: mbarrett@fulbright.com
E-mail: ggreene@fulbright.com